No. 25-1021

# In the United States Court of Appeals for the Fourth Circuit

Telia Kivett, et al.,
*Plaintiffs-Appellees*

v.

North Carolina State Board of Elections, et al.,
*Defendants-Appellants*

―――――――――――――――

From the United States District Court
for the Eastern District of North Carolina
The Honorable Richard E. Myers II (No. 5:25-CV-00003)

―――――――――――――――

**PLAINTIFFS-APPELLEES' RESPONSE TO COURT'S SHOW CAUSE ORDER**

―――――――――――――――

Phillip J. Strach
Jordan A. Koonts
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough St., Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
jordan.koonts@nelsonmullins.com

*Counsel for Plaintiffs-Appellees*

1

Plaintiffs-Appellees ("Plaintiffs"), by and through undersigned counsel, hereby respond to the Court's July 18, 2025, order (the "Order") directing the parties to show cause regarding why this appeal should not be dismissed as moot. [D.E. 48]. As Plaintiffs describe in further detail below, this appeal presents several claims for relief which are still live and justiciable controversies.[1] Additionally, these claims fall into well-recognized exceptions to mootness. As such, Plaintiffs respectfully request that the Court retain jurisdiction over this appeal and affirm the District Court's ruling, below.[2] In support, Plaintiffs show the following:

I. **Plaintiffs' Remaining Claims Present Justiciable Controversies**

A "case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The case or claims remain live, however, "'[a]s

---

[1] For the sake of responding to the Order, Plaintiffs concede that they likely cannot seek further redress with regard to their claims concerning the 2024 statewide general election contest. Specifically, Counts I-III of Plaintiffs' claims for relief, as reflected in paragraphs 1-2 of the Prayer for Relief. JA 25-29, 33-34. However, Plaintiffs' Complaint still has a live claim for declaratory judgments, JA30-32, (the "Remaining Claims").

[2] In responding to the Order, Plaintiffs recognize the State Board's Joint Motion to Stay the Appeal [D.E. 49] and affirm their approval of the request therein. Plaintiffs submit this response out of an abundance of caution and in direct response to the Order's question presented.

2

long as the parties have a concrete interest, however small, in the outcome of the litigation.'" *Id.* Even still, the availability of a "'partial remedy' is 'sufficient to prevent [a] case from being moot.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)).

Here, Plaintiffs' Remaining Claims consist of several declaratory judgments seeking prospective relief regarding the State Board's challenged order allowing county boards of election to accept voter registration forms and ballots when the registrant either failed to provide necessary identification information or presented forms different than the ones specified in N.C. Gen. Stat. §163-82.4(a)(11). JA30-32. Specifically, Plaintiffs seek a declaration determining that the State Board's challenged orders and their subsequent actions violate North Carolina law. JA34 at ¶¶3-5. Not only does this relief extend beyond the 2024 statewide general election, but it presents a real and present justiciable controversy. No case has resolved these open issues, nor have any intervening factual circumstances affected the viability of the relief sought.

3

### a. None of the *Griffin* rulings completely resolves Plaintiffs' claims.

Plaintiffs understand that in the order granting summary judgment in *Griffin v. North Carolina State Board of Elections*, the district court found that the relief sought was prohibited by the Constitution. 5:24-cv-000731 at D.E. 125, pp. 66-67. Plaintiffs do not challenge that order, nor are its holdings implicated in this appeal. As Plaintiffs made clear in their appellate briefing to this Court, there are distinct and operative differences in the claims and allegations presented in the present matter and that of *Griffin*. Of these distinctions are the state law declaratory judgment actions which extend beyond the State Board's conduct in the 2024 general election. Those claims are unique to this case, confirming that *Griffin* does not dictate the outcome of this appeal.

Similarly, this Court's *per curiam* order in *Griffin v. North Carolina State Board of Elections*, does not moot this appeal. 25-1018 at D.E. 132 (4th Cir. 2025). For the reasons discussed in Plaintiffs' prior briefing to

4

this Court,[3] unpublished opinions are not precedent in this Circuit, and instead, must be analyzed for the persuasiveness of their reasoning. *See, e.g., United States v. Marshall*, 872 F.3d 213, 224 n.15 (4th Cir. 2017). This question presents a live controversy, the outcome of which will dictate exactly how and where this case will continue.

### b. This Court can still afford effective relief through this appeal.

As Plaintiffs argued in their appellate briefing, [D.E. 42], the District Court's exercise of *Burford* abstention was uniquely appropriate on the facts and claims presented. Regardless of which party prevails, this Court's determination of the issues presented will have a tangible effect on Plaintiffs' Remaining Claims: either the District Court was correct in abstaining under *Burford* and this case will continue for complete and final resolution in state court, or the District Court will be instructed to retain some form of jurisdiction over the dispute. *Compare* [D.E. 42 at pp. 49-50] (Plaintiffs asking this Court to affirm the District Court's decision below); *with* [D.E. 29 at pp. 40-41] (Defendants

---

[3] For the sake of brevity, Plaintiffs incorporate by reference and rely upon the arguments made in their appellees' brief regarding the effect of this Court's *Griffin* order on the present appeal. [D.E. 42 at pp. 19-24].

5

requesting this Court either instruct the District Court to modify to *Pullman* abstention or to retrieve the case from state court). Either way, there is a genuine and live dispute comprising concrete legal issues, continuing between adverse parties. *See Carney v. Adams*, 592 U.S. 53, 58 (2020). Given this continuing controversy and the parties' continuing interest in the Remaining Claims, this appeal is far from moot.

## II. Plaintiffs' Remaining Claims Affirm Why *Burford* Abstention Was Uniquely Appropriate Here.

As Plaintiffs' appellee brief establishes, *Burford* abstention is uniquely appropriate in situations such as the one presented—where "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

Plaintiffs' Remaining Claims, which solely require interpretations of state law as applied to a state actor's actions, is uniquely within the purview of what *Burford* counsels federal courts to avoid. As such, not

6

only is this appeal not moot, but Plaintiffs' request that this Court affirm the District Court's order below is buttressed.

### III. Plaintiffs' Remaining Claims Fall Into Well-Recognized Exceptions to Mootness.

"Election-related disputes qualify as 'capable of repetition' when 'there is a reasonable expectation that the challenged provisions will be applied against the plaintiffs again during future election cycles.'" *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011) (citation omitted). "And the Supreme Court has repeatedly instructed that the exception is especially appropriate when mootness would have otherwise been the result of a completed election cycle." *Sharma v. Hirsch*, 121 F.4th 1033, 1039 n.1 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1966 (2025) (collecting cases).

Even if the claims presented somehow rise and fall with the passing of the 2024 statewide general election—which they do not—the issues presented are capable of repetition, yet evading review. Specifically, the State Board order which Plaintiffs challenge in their Remaining Claims, remains in full force and effect. This order will carry over into subsequent election cycles unless addressed and remedied through the present action. Although Plaintiffs understand the State Board is actively

7

contacting certain registrants and attempting to correct their registrations, full relief is not afforded until such time as the challenged order is declared unlawful under North Carolina state law. Absent such a declaration, Plaintiffs' injury persists, and redress is attainable.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the pending appeal is not moot and is, in fact, ripe for review and decision.

Respectfully submitted this, the 29th day of July 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
By: */s/ Phillip J. Strach*
Phillip J. Strach
North Carolina State Bar No. 29456
Jordan A. Koonts
North Carolina State Bar No. 59363
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
jordan.koonts@nelsonmullins.com

*Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word count limitations of this Court's Local Rules and the Federal Rules of Appellate Procedure, as it contains 1,271 words, exclusive of the parts exempted from such count by Rule 32(f) of the Federal Rules of Appellate Procedure. This brief complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6).

Respectfully submitted this, the 29th day of July, 2025.

<u>/s/ *Phillip J. Strach*</u>
Phillip J. Strach

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 29th day of July, 2025, this brief was filed with the Clerk of Court via CM/ECF, which will cause a true and accurate copy of the same to be served upon all registered counsel of record.

/s/ *Phillip J. Strach*
Phillip J. Strach