No. 25-1021

In the United States Court of Appeals
for the Fourth Circuit

TELIA KIVETT, et al.

*Plaintiffs-Appellees*,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Eastern District of North Carolina

**DEFENDANTS-APPELLANTS' RESPONSE TO SHOW CAUSE ORDER**

Terence Steed
tsteed@ncdoj.gov
Special Deputy Attorney General

Nicholas Brod
nbrod@ncdoj.gov
Solicitor General

N.C. DEPARTMENT OF JUSTICE
Post Office Box 629
Raleigh, North Carolina 27602  (919) 716-6567

*Counsel for Defendants-Appellants*

Defendants-Appellants, the North Carolina State Board of Elections et al. (collectively, the "Board"), hereby respond to this Court's July 18, 2025 order requiring the parties show cause why this appeal should not be dismissed as moot. In support, the Board shows as follows:

1. Plaintiffs-Appellees Telia Kivett, Karyn Mulligan, the Wake County Republican Party, the Republican National Committee, and the North Carolina Republican Party sued the Board in Wake County Superior Court. JA 12-34. In their Complaint, plaintiffs sought an order prohibiting the Board from counting certain ballots cast in the November 2024 general election. JA 30-34. Plaintiffs also sought a declaratory judgment on certain prospective issues regarding North Carolina voters with allegedly incomplete voter registrations. JA 30-34.

2. The Board removed to federal district court under 28 U.S.C. §§ 1331, 1441(a), 1443(2), and 1367(a). JA 7-10.

3. On January 6, 2024, the district court remanded the case to Wake County Superior Court for the same reasons that it remanded in *Griffin v. North Carolina State Board of Elections*, No. 5:24-cv-724, (*Griffin I*). JA 37. Specifically, the district court held that it had jurisdiction under 28 U.S.C. § 1443(2) but abstained under *Burford* and

2

*Louisiana Power*.[1] JA 37. The district court also remanded another case, *Griffin v. N.C. State Bd. of Elections*, No. 24-cv-731, D.E. 24 (E.D.N.C.) (*Griffin II*), for the same reasons.

4. The Board appealed the remand orders in this case and in *Griffin I* and *II*. The appeal in this case has been fully briefed.

5. This Court consolidated *Griffin I* and *II* and issued its opinion in those cases on February 4, 2025.[2] The appeal in *Griffin I* was dismissed.[3] As for the appeal of the district court's remand order in *Griffin II*, this Court first held that the State Board properly removed the case to federal court.[4] This Court also held that the district court had correctly decided to initially abstain from hearing the case but that the "more appropriate theory for abstaining from federal jurisdiction" arises under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).[5]

---

[1] *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).
[2] *See Griffin v. N.C. State Bd. of Elections*, Nos. 25-1018, 25-1019, 25-1020 & 25-1024 (4th Cir. Feb. 4, 2025) (per curiam).
[3] *Id.* at 8-9.
[4] *Id.* at 9.
[5] *Id.* at 9-10.

3

6. Following this Court's ruling in *Griffin I* and *II*, in an effort to preserve this Court's resources, the Board moved the district court under Civil Rule 62.1 for an indicative ruling on how the district court would rule on a motion under Civil Rule 60(b) to modify its remand order in this case to align with this Court's instructions in Griffin. *See Kivett*, No. 5:25-cv-00003-M-BM, Dkt. 24. That motion remains pending.

7. Following remand, the Board filed a Motion to Dismiss in the Wake County Superior Court.[6] It has not been heard and, as a result, plaintiffs' complaint, including plaintiffs' request for prospective relief about the incomplete-registration issue (JA 7-10), remains pending in state court.[7]

8. Because Plaintiffs' underlying complaint sought both relief for the 2024 election as well as forward-looking, prospective relief for future elections, whether the district court below erred in abstaining under *Burford* and remanding this case to state court—the question at issue in this appeal—remains a live dispute between the parties. Thus, the Board respectfully submits that this appeal is not moot.

---

[6] *See* Kivett, No. 24CV041789-910, Mot. to Dismiss (N.C. Super. Ct., Wake Co., filed Feb. 5, 2025).
[7] *See* Kivett, No. 24CV041789-910, (N.C. Super. Ct., Wake Co.)

4

9. Plaintiffs also agree that this appeal is not moot. *See* ECF No. 50, Plaintiffs-Appellees' Response to Court's Show Cause Order.

10. The parties in this case have begun settlement discussions regarding the remaining issues in the complaint (and other related cases about the same voter-registration issue) and are optimistic that they will be able to reach a resolution. As a result, the parties have jointly sought a stay of this appeal. *See* ECF No. 49, Joint Motion to Stay.

Respectfully submitted this the 29th day of July, 2025.

                      NC DEPARTMENT OF JUSTICE

                      <u>/s/ Terence Steed</u>
                      Terence Steed
                      Special Deputy Attorney General

                      Nicholas Brod
                      Solicitor General

                      Post Office Box 629
                      Raleigh, North Carolina 27602
                      (919) 716-6400

                      *Counsel for Defendants-Appellants*

## **CERTIFICATE OF SERVICE**

On this day, the foregoing DEFENDANTS-APPELLANTS' RESPONSE TO SHOW CAUSE ORDER was electronically filed with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system, which will automatically serve electronic copies of the foregoing to all registered counsel of record.

This the 29th day of July, 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General